### JOHN LYNCH v. J. H. McGOWN ET AL.

#### Decided March 10, 1909.

**Homestead—Abandonment—Intention to Return.**

Before an intention to return will prevent one's removal from his homestead from constituting an abandonment of such place as his homestead, such intention to return must continue all the time till adverse interests accrue.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Goodrich & Synnott,* for appellant.—The homestead character of the former home of a family residing elsewhere can only be retained by the continual existence in the mind of the head of the family of an intention to return to such former homestead during the entire time of absence. Lynch v. McGown, 40 Texas Civ. App., 146; White v. Epperson, 32 Texas Civ. App., 162; Schwartzman v. Cabell, 49 S. W., 115; Railway v. Daniels, 1 Texas Civ. App., 695; Wegner v. Biering, 73 Texas, 89.

No brief for appellee.

JAMES, CHIEF JUSTICE.—This cause was once before on appeal, and was remanded by the Court of Civil Appeals for the First District, 86 S. W., 894. In the amended petition filed October 19, 1907, plaintiff McGown alleged in substance that the sixty-acre tract in question was, prior to October 27, 1903, and has been ever since, his residence homestead, and states, "that is to say, the same has been used without any interruption whatever as a homestead, and that your petitioner, nor his wife and children, have at any time abandoned said tract of land as their homestead, but on the contrary do now and for the past ten years have always continuously asserted homestead rights in said tract of land, and have at no time asserted or claimed any homestead right in any other tract of land." He alleged also that prior to the above date, for business purposes and intending to return, he removed from this place, and since said time has continued to reside off it, intending to return to said tract and reoccupy it, in the meantime using it for the benefit of the family, and at no time

ceasing to claim it as a homestead. That the defendant Lynch has caused the sheriff to levy an execution upon said land issued upon a judgment against plaintiff, notwithstanding said land is his homestead, and he had temporarily removed from the place but had not acquired a new homestead nor formed an intention to abandon said tract as his homestead, but had at all times after leaving it intended to return to it and occupy it as a home in fact. The prayer was for injunction.

It is not deemed necessary to state the contents of the answer, which placed all the material allegations of the plaintiff in issue. The verdict and judgment were in favor of the homestead. The creditor Lynch appeals.

The first, sixth, eighth, ninth and tenth assignments of error relate to the charge. This is appellant's proposition under them: "The homestead character of the former home of a family residing elsewhere can only be retained by the continual existence in the mind of the head of the family of an intention to return to such former homestead during the entire time of the absence. The charges complained of in assignments eight, nine and ten limit the jury in their determination of the question of abandonment *vel non* to the single consideration of the intention at the time of the removal, and the refused instruction set out in assignment No. 1 was necessary to correct this error, and the giving of the first and the refusal of the latter were reversible errors."

The charges referred to in the assignments eight, nine and ten, are: "The temporary renting or removing from a homestead does not change its character as such when no other homestead is acquired, unless the owners leave the same with the purpose and intention to abandon the same, and when such is the case—that is, left with the intention to abandon it—it would not remain the homestead, regardless of whether it was in the country, a town or village."

"If you believe from the evidence that the plaintiff, J. H. McGown, when he left the 60 acres of land claimed by him as a home, that he intended to and did abandon the same as his home, then it will be subject to execution and you will find for the defendant; or if you find and believe from the evidence in the case that after the plaintiff left and moved off the said 60 acres of land he acquired a lot in the town of Hemphill and used and occupied is as a homestead on October 27, 1903, then you will find for the defendant."

"A homestead once established upon land by actual use and occupancy of the same may be abandoned by remaining away off of it with the intention not to return or use it as a homestead."

The requested instruction reads: "You are instructed that before an intention to return will prevent one's removal from his homestead from constituting an abandonment of such place as his homestead, such intention to return must continue all the time till adverse interests accrue. Therefore, if you find from the evidence in this case that between the time plaintiff removed from the 60 acres in controversy and the date of the levy of the execution, there was a time when he ceased to intend to return to it, then you will find for the defendant."

The only portion of the charge which told the jury upon what considerations to find for the defendant is as quoted above, which presents defendant's case upon two issues of fact: First, whether or not McGown, when he left the 60 acres, intended to abandon it; and second, whether or not he had since that time acquired another homestead.

The testimony showed that it was several years after he left the 60 acres before he moved to the place in Hemphill, and in the meantime, and in fact at any time after he left the 60 acres, if he ceased to have the intention to return to the same he would by that fact alone have lost his homestead right therein although he may have had such intention when he left it. There was evidence that tends to support the theory that after he left it he abandoned any intention to return to it as his home. We can not conceive of any reason why defendant was not entitled to have the requested charge given. We have not the benefit of any brief by the appellee.

We overrule the assignments of error which contend that defendant was entitled to a peremptory instruction. Reversed and remanded.

*Reversed and remanded.*